UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| FAZOULA MANAGEMENT, LLC, an Arizona limited liability company, DANIEL FRIEDMAN, individually, and MARTIN FRIEDMAN, individually,<br><br>    Plaintiffs,<br>v.<br><br>NCM GROUP LLC d/b/a NCM WIRELESS, a Florida limited liability company, NCM WIRELESS, INC., a Florida corporation, NCM WIRELESS HOLDINGS, INC., a Florida corporation, RAHMEEN FARUDI, individually, and ILAN DORON, individually,<br><br>    Defendants.<br>_____/ | Federal Court Case Number.: 2021-21964-BKC<br>Chapter 7<br><br>State Court Case Number.: 2021-005100-CA-01 |

**PLAINTIFFS' FAZOULA MANAGEMENT, LLC'S, DANIEL FRIEDMAN'S, AND MARTIN FRIEDMAN'S NOTICE OF REMOVAL**

Plaintiffs, FAZOULA MANAGEMENT, LLC, an Arizona limited liability company, ("Fazoula"), DANIEL FRIEDMAN, individually ("Daniel"), and MARTIN FRIEDMAN, individually ("Martin" and collectively with Daniel and Fazoula, "Plaintiffs"), by and through their undersigned counsel, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and all other applicable statutes and law, hereby file this statement of the grounds for removing this cause of action to the United States Bankruptcy Court for the Southern District of Florida, Miami Division, together with a copy of all process, pleadings, and orders served in the state court case. In support thereof, Plaintiffs state the following:

1

## I. NOTICE OF REMOVAL

**A. Short and plain statement of the facts which entitles the party filing the notice to remove**

1. On March 2, 2021, Fazoula Management LLC, Daniel Friedman, and Martin Friedman filed a lawsuit against NCM Group LLC d/b/a NCM Wireless, a Florida limited liability company, NCM Wireless, Inc., NCM Wireless Holdings, Inc. (collectively, "NCM"), Rahmeen Farudi, individually, and Ilan Doron, individually, in the Circuit Court in and for Miami-Dade County, Florida, Case No. 2021-005100-CA-01 (the "State Court Case"). The Complaint was amended on March 5, 2021, and a Second Amended Complaint was filed on July 16, 2021.[1]

2. As set forth in detail in the Second Amended Complaint, Plaintiffs allege that Debtor Ilan Doron ("Debtor" or "Doron") and his co-conspirator, Rahmeen Farudi ("Farudi"), an officer of NCM, defrauded Plaintiffs into investing in NCM through a Ponzi-like scheme which included the use of various fraudulent misrepresentations and documents including, but not limited to, purported "promissory notes" and personal guarantees by Doron and Farudi, as inducements for Plaintiffs to invest. Plaintiffs seek damages based on breach of an investment agreement, breach of the implied covenant of good faith and fair dealing, fraudulent inducement/fraudulent misrepresentation, fraud, quantum meruit, unjust enrichment, civil conspiracy, conversion, and foreclosure of security interests in NCM's collateral.

3. State Court Defendants Farudi, Doron, and NCM filed their Answer, Affirmative Defenses, and Counterclaim on July 26, 2021, generally denying the allegations of Plaintiffs' Second Amended Complaint, raising affirmative defenses, and asserting a Counterclaim against all Plaintiffs. Defendants' Counterclaim seeks damages for fraud (based on the recording of certain UCC's against NCM's assets), tortious interference with business relations, and usury.

---

[1] These pleadings are part of the record attached as Plaintiffs' **Composite Exhibit "A"**.

2

The Counterclaim also seeks a declaratory judgment and to quiet title in NCM's inventory. The facts that give rise to the Counterclaim all arise from the same business dealings that are alleged by the Plaintiffs in their Second Amended Complaint.

4. On December 23, 2021, the Debtor Doron filed a voluntary petition for relief under Subchapter V of Chapter 11 of the Bankruptcy Code [D.E. 1]. On March 11, 2022, the Debtor filed Debtor's Ex Parte Motion to Withdraw his Subchapter V Designation and Extend Deadline by Which Office of the United States Trustee and/or Subchapter V Trustee Must Challenge Subchapter V Designation [D.E. 114] which, after a hearing on March 14, 2022, was granted by this Court's Order on March 29, 2022 [D.E. 165].

5. On June 10, 2022, the Official Committee of Unsecured Creditors sought to convert the Bankruptcy to a Chapter 7 on the grounds that the Debtor has "little in the way of tangible assets, no real promise of material future income, and no reasonable likelihood of rehabilitation" [D.E. 295].

6. On August 10, 2022, and prior to the Court ruling on the motion of the Unsecured Creditors to convert the Bankruptcy to a Chapter 7, the Debtor filed his own Motion for an Order Converting his Chapter 11 case to a case under Chapter 7 [D.E. 357]. That motion was granted by Order dated August 10, 2022 [D.E. 361], and the case was officially converted to a Chapter 7 where it remains today.

7. On February 9, 2023, this Court orally granted the bankruptcy Trustee's Motion to Substantively Consolidate NCM Group, LLC, NCM Wireless, LLC, and NCM Wireless Holdings Inc. (collectively, the "Consolidated Debtors") in this Estate (the "Motion to Consolidate")[2]. One of the factors in consolidating NCM's assets into Debtor Doron's estate was

---

[2] No written Order has as yet been entered.

that there were at least eighteen (18) lawsuits[3] pending against Debtor Doron in which one or more of the NCM Consolidated Debtors were named as co-defendants with Doron as of Doron's bankruptcy Petition Date. Therefore, the Counterclaims of NCM and Doron are now assets of the bankruptcy estate.

8. Plaintiffs now seek to remove the pending State Court litigation against all Defendants—Debtor Doron, his co-conspirator Farudi, and NCM—on the grounds that the State Court litigation is "related to" the pending Chapter 7 case, as the determination of the State Court claims and counterclaims could conceivably have an effect on the estate being administered in the pending bankruptcy, where the bankruptcy Court already has jurisdiction to determine the priority of the liens of creditors such as Plaintiffs. *See Matter of Lemco Gypsum, Inc.,* 910 F.2d 784, 788 (11th Cir. 1990); *see also In re Jimenez*, 627 B.R. 536, 541 (Bankr. S.D. Fla. 2021).

9. Furthermore, Doron's co-conspirator Farudi actively participated in the fraud by conspiring with Doron to fraudulently induce parties such as Plaintiffs to fund NCM through the use of purported usurious "promissory notes" (which were really investment agreements) with the knowledge that such notes were usurious and unenforceable and would provide a defense to re-payment. Some of these purported "promissory notes" were even made by Doron, individually, and Farudi, individually, or were personally guaranteed by Doron and Farudi. Doron and Farudi also utilized a similar scheme to fraudulently induce many of the thirty (30) other creditors of the bankruptcy estate, who currently hold over $39 million dollars in claims against Doron, to fund NCM.

10. There is already one Complaint to Determine Dischargeability filed by a creditor, Robert Pease, pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure and 11 U.S.C.

---

[3] Plaintiffs' underlying State Court Case described in this Notice was one of these lawsuits referenced by the Trustee in its Motion to Consolidate.

4

§ 523(a)(2) [D.E. 444] pending against Doron based upon misrepresentations he made to Pease as an inducement to invest in the same alleged scheme perpetrated by Doron, Farudi, and NCM as described in Plaintiff's Second Amended Complaint in the State Court Case. For example, Pease alleges that Doron gave Pease a false personal financial statement to fraudulently induce him to invest in NCM, which is exactly what Doron, through an e-mail from Farudi, did to Plaintiffs. Accordingly, the Plaintiffs will also be filing a 523 claim against Doron based upon his fraud and misrepresentations. That case will require the testimony of Doron and his con-conspirator Farudi and a determination as to whether they conspired to defraud the Plaintiffs.

11. Lastly, removal of the State Court case would preserve judicial economy so that the same or similar claims need not be litigated twice—once in state court and once in bankruptcy court—and would prevent the real possibility of two different outcomes in the two cases based on the same sets of facts. The economic prejudice of continued separation of the State Court Case and the bankruptcy case is heavily outweighed by the benefits of removal.

**B. Statement that upon removal of the claim or cause of action the party filing the notice does or does not consent to entry of final orders or judgment by the bankruptcy court**

12. Upon removal of the claim or cause of action, Plaintiffs, the parties filing this Notice of Removal, consent to entry of final orders or judgment by the bankruptcy court.

**C. Copies of all process and pleadings**

13. A copy of all process and pleadings is attached hereto as **Composite Exhibit "A"**.

14. Attached as **Exhibit "B"** is a copy of the Notice of Filing Notice of Removal which will be filed by Plaintiffs in the pending State Court Case.

## II. CONCLUSION

15. For the reasons set forth above, Plaintiffs, FAZOULA MANAGEMENT, LLC, an Arizona limited liability company, DANIEL FRIEDMAN, individually, and MARTIN

5

FRIEDMAN, individually, respectfully request that this action against all Defendants be, and is hereby, removed to this Court; that this Court assume jurisdiction of this action; and that this Court enter such other and further orders as may be necessary to accomplish the requested removal and grant such further relief as is just and proper in favor of Plaintiffs.

Dated: February 27, 2023

Respectfully signed and submitted pursuant to Federal Bankruptcy Rule 9027 Removal,

**SANCHEZ-MEDINA, GONZALEZ, QUESADA, LAGE, GOMEZ & MACHADO LLP**
Counsel for *Plaintiffs Fazoula Management LLC, Daniel Friedman, and Martin Friedman*
1200 Brickell Ave, Ste 905
Miami, Florida 33131
Main Tel: 305-377-1000
Direct Fax: 786-304-2216
Toll Free: 855-213-4806
E-mail:     Mmandler@smgqlaw.com
            XMiranda@smgqlaw.com

By:  /s/ Mitchell W. Mandler, Esq.
     Mitchell W. Mandler, Esq.
     Florida Bar No. 286893

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was furnished on February 27, 2023 via the E-Filing Portal on all counsel of record.

**SANCHEZ-MEDINA, GONZALEZ, QUESADA, LAGE, GOMEZ & MACHADO LLP**
Attorneys for Fazoula Management LLC, Daniel Friedman, and Martin Friedman

By:      /s/ Mitchell W. Mandler
         MITCHELL W. MANDLER, ESQ.